RECEIVED
IN ALEXANDRIA, LA
FEB 26 2009
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| MOMO TORBOR FAHNBULLEH<br>A 079 587 542 | DOCKET NO. 08-CV-1718; SEC. P |
| VERSUS | JUDGE JAMES T. TRIMBLE, JR. |
| MICHAEL MUKASEY, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION

Before the court is Momo Torbor Fahnbulleh's *pro se* petition for *habeas corpus* (28 U.S.C. § 2241) filed on November 13, 2008. When he filed his petition, Fahnbulleh was in the custody of the Department of Homeland Security/Bureau of Immigration Customs Enforcement (DHS/ICE). He was detained at the LaSalle Detention Center, Trout, Louisiana awaiting his removal to his native country.

## STATEMENT OF THE CASE

Relying on Zadvydas v. Davis, 533 U.S. 678 (2001), Petitioner argued that his continued post-removal-order detention was in violation of his constitutional rights. The government was served and in due course filed a Motion to Dismiss [Doc. #7]. In that Motion, the government alleged (and provided documentary proof in support thereof) that Petitioner has in fact been removed to his native country.

## LAW AND ANALYSIS

The undisputed evidence before the court establishes beyond

any doubt that the petitioner is no longer in custody. Further, the record before the court establishes that the petitioner has demanded only his immediate release throughout these proceedings. Therefore, in light of his removal, the undersigned concludes that Petitioner's *habeas* challenge to post-removal-order detention is now moot and should be dismissed.

Therefore,

**IT IS RECOMMENDED** that the Motion to Dismiss [Doc. #7] be **GRANTED** and that the Petition for Writ of *Habeas Corpus* be **DISMISSED WITH PREJUDICE** as moot.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United**

<u>Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

Thus done and signed at Alexandria, Louisiana, this 25th day of February, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE